Argued March 27, affirmed April 10, 1928.

## C. Y. DEAN v. PERCY FELTON.

(266 Pac. 236.)

**Bills and Notes—Issue of Assignment Held for Jury.**

1. As respects right to nonsuit for failure to prove assignment of note, article "the," before name of corporation in body of note, and abbreviation "Inc.," following its name in indorsement, *held* not to indicate that corporation named in indorsement was another than that named elsewhere in body of note and used by payee in indorsing it without such article and abbreviation.

**Corporations—Proof of Corporation President's Identity and Author-. ity to Indorse Note Held Unnecessary (Or. L., § 7814).**

2. Proof of identity of corporation's president or evidence of his authority to indorse note sued on *held* unnecessary; corporation's indorsement being sufficient to pass title, notwithstanding its incapacity to incur liability of indorser, under Section 7814, Or. L.

Names—Indorsee Held Entitled to Presumption of Identity of Person from Identity of Names of Prior Indorser and Payee of Note (Or. L., § 799, Subd. 25).

3. Where name of corporation in indorsement of note was same as that of payee corporation, subsequent indorsee was entitled to benefit of presumption of "identity of person from identity of name" under Section 799, subdivision 25, Or. L.

Trial—Contention That Plaintiff Failed to Introduce Indorsements, Which All Parties had in Mind When Note was Offered in Evidence, Held Without Merit.

4. Where plaintiff offered note sued on in evidence after identifying it and indorsements thereon and all parties had in mind indorsements as well as note, as shown by defendant's objection to its admission on ground of failure to identify indorsers, contention that plaintiff failed to introduce indorsements is without merit.

Bills and Notes, 8 C. J., p. 1003, n. 86.
Corporations, 14a C. J., p. 731, n. 47.
Names, 29 Cyc., p. 263, n. 2.
Property, 32 Cyc., p. 678, n. 12.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

This is an appeal from a judgment rendered in favor of plaintiff and against defendant on a promissory note. The complaint sets out the note in full as follows:

"$300.00.          Portland, Oregon, May 11, 1923.

"On or before Two years I promise to pay to the order of The Cascade Country Club Three Hundred and no/100 Dollars.

"Value received, payable to Cascade Country Club, Portland, Oregon, with interest at 8 per cent per annum after date, interest payable annually, nonnegotiable for Thirty days after the date hereof.

"Should any of the interest or principal not be paid when due it shall bear interest at the rate of 8 per cent per annum, and a failure to pay any of said interest within five days after due, shall at the option of said obligee or his legal representatives, cause the whole note to become due and collectible at once. The makers, endorsers, and guarantors of this note agree

to pay a reasonable attorney's fee and all other expenses of collection if suit is brought hereon, and hereby waive presentment for payment, protest and notice of protest, and diligence in bringing suit against any party hereto, and sureties consent that time of payment may be extended without notice thereof. This note is given for Club membership.

"Percy Felton."

Said note was indorsed as follows:

"Pay to the order of G. B. Campbell, Cascade Country Club, Inc., W. H. Emrick, Pres."

After the testimony of plaintiff was received, defendant moved for a nonsuit. The only assignment of error is the court's order denying that motion. Defendant's motion for a nonsuit was based upon his contention that there was no proof of the assignment of the note by the payee; that there was no evidence of authority of anyone to transfer the note for the payee; that W. H. Emrick was not proven to be the president of the payee corporation; that there was no evidence of a valuable consideration; that plaintiff was not a holder in due course.

The answer admits, among other things, that "there is due and owing the sum of Two Hundred ($200.00) Dollars, with interest thereon from the 11th day of May, 1923, at the rate of 8% per annum" on said note. For a further and separate answer defendant alleges that G. B. Campbell, H. M. Llewellyn, G. A. Day, S. H. Slocum, W. H. Emrick, H. C. R. Stewart and C. S. Ogsbury, duly signed articles of incorporation of what was and is known as Cascade Country Club; that defendant executed his note for the principal sum of $300 in favor of said Cascade Country Club and that said note is the same note set out in plaintiff's complaint; that said Cascade Country Club, a corporation, by and through its officers, agreed with

the defendant that said sum of $300, represented by said promissory note, when paid, would be used by said corporation in the purchase of property and the erection of a club building and other improvements to be owned and held by said corporation for the benefit of the members of said Cascade Country Club; that said club had abandoned and wholly failed to carry out the objects and purposes for which said corporation was organized and "thereby and by reason thereof, this defendant derived no benefit whatever from said corporation or for said membership therein, and thereby and by reason thereof, received no consideration whatever for said promissory note."

The reply denied the material allegations of the further and separate answer and alleges that the said promissory note was indorsed by the payee to one G. B. Campbell and by him indorsed for valuable consideration to plaintiff and that plaintiff was an innocent purchaser for value and a holder in due course.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Leroy Lomax.*

For respondent there was a brief and oral argument by *Mr. Joseph Van Hoomissen.*

COSHOW, J.—Defendant practically failed to introduce any evidence tending to support his contention. He did testify that the club was not functioning as it was organized to function, but did identify the Cascade Country Club as the payee in the note and W. H. Emrick as its president. It also appeared from the answer that W. H. Emrick and G. B. Campbell were incorporators of the country club. There was testimony that the notes were assigned to said

G. B. Campbell in payment for property for the club. There is a presumption that the indorsements on the note are genuine: Or. L., § 7816. This presumption has not been overcome. There are also presumptions that things in the possession of a person are owned by him; that a person is owner of property from exercising acts of ownership over it; that a promissory note or bill of exchange was given or indorsed for a sufficient consideration: Or. L., § 799, subds. 11, 12, 21.

1-3. These presumptions are not disputed by any testimony offered by defendant. The fact that the article "the" appears in the body of the note in one place does not, in our judgment, indicate that "The Cascade Country Club" is a different person from "Cascade Country Club" which also appears in the body of the note and is the name used by the payee in indorsing the note; nor does the abbreviation "Inc." following the name in the indorsement indicate that "Cascade Country Club, Inc." in the indorsement is other than the same person "Cascade Country Club" appearing in the body of the note. There is no merit to defendant's contention that the indorser is not the same person as the payee. There is no merit in defendant's contention that there should have been further proof of the identity of the president or evidence of his authority to indorse the note. The indorsement of a corporation is sufficient to pass title notwithstanding the incapacity of the corporation to incur the liability of indorser: Or. L., § 7814. The name of the corporation in the indorsement is the same as the name of the payee. Plaintiff is entitled to the benefit of the presumption: "Identity of person from identity of name." Or. L., § 799, subd. 25.

4. Defendant also contends that the plaintiff failed to introduce the indorsements on the note. We think

this contention is without merit. Plaintiff offered the note, after identifying it, and the indorsements on it. Defendant objected to receiving the note in evidence, basing his objections on lack of identification of the indorsers. The objection made by defendant, as well as the colloquy between the attorneys for the parties and the court, clearly shows that all of the parties had in mind at the time the note was offered, the indorsements as well, and it was so received and treated.

We have carefully examined the records and considered the authorities submitted by appellant. We are of the opinion that plaintiff is the holder in due course of the note and defendant was not entitled to the defense attempted to be pleaded by him.

The judgment is affirmed.          AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.